UNITED STATES of America, ex rel.
Maxon Harvey MORGAN,
Plaintiff–Appellant

v.

FUERZAS ARMADAS COLOMBIA-
NAS, also known as FARC, A Terror-
ist Organization and Associates; Al–
Qaida and Associates; Cetas Cartel &
Associates; Cartel Del Golfo & Asso-
ciates; Cartel de Sinaloa & Associ-
ates; et al, Defendants–Appellees.

No. 11–10911
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Aug. 15, 2012.

Maxon Harvey Morgan, Fort Worth,
TX, pro se.

Before JONES, Chief Judge, and
SOUTHWICK and HAYNES, Circuit
Judges.

PER CURIAM: *

Maxon Harvey Morgan, federal prisoner
# 23980–034, filed a class action civil suit
in federal district court pursuant to the
civil provisions of the Antiterrorism Act of
1991, 18 U.S.C. § 2333. Morgan alleged
that the defendants engaged in narco-ter-
rorism against the United States and its
citizens. Morgan sought a total of three
trillion dollars on behalf of all victims of
the "financial economy meltdown" and all
incarcerated individuals and their immedi-
ate families from the defendants in com-
pensation for their losses as the result of
the narco-terrorism. The district court re-
viewed the complaint under 28 U.S.C.
§ 1915A(b)(1) because Morgan was seek-
ing redress from government officials and
dismissed the complaint with prejudice.

* Pursuant to 5TH CIR. R. 47.5, the court has
determined that this opinion should not be
published and is not precedent except under
the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Morgan argues that the district court erred in screening his complaint under § 1915A(b)(1) because he was not seeking redress from the government or any of its officials. Morgan is correct that his claim did not seek redress from the government and should not have been reviewed under § 1915A(b)(1); however, we may affirm the district court's decision on any basis supported by the record. *See United States v. Ho,* 311 F.3d 589, 602 n. 12 (5th Cir.2002).

The district court found that Morgan's complaint was frivolous, malicious, or failed to state a claim on which relief could be granted. A prisoner's civil action may be dismissed at any time if it is frivolous or fails to state a claim on which relief can be granted. *See* 28 U.S.C. § 1915(e)(2)(B). Our review of the district court's dismissal order is de novo. *Hutchins v. McDaniels,* 512 F.3d 193, 195 (5th Cir.2007); *see Geiger v. Jowers,* 404 F.3d 371, 373 (5th Cir. 2005). An action may be dismissed for failure to state a claim if no relief could be granted as a matter of law even if the plaintiff's alleged facts are accepted as true. *Harris v. Hegmann,* 198 F.3d 153, 156 (5th Cir.1999).

Morgan has failed to present any factual matter, which accepted as true, would support his claims. *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009); *Harris v. Hegmann,* 198 F.3d 153, 156 (5th Cir.1999). The district court's dismissal of the action under § 2333 was not error under § 1915(e)(2)(B).

The district court's judgment is AFFIRMED. The dismissal of Morgan's civil complaint for failure to state a claim counts as a strike for purposes of § 1915(g). *See Adepegba v. Hammons,* 103 F.3d 383, 387–88 (5th Cir.1996). Morgan is CAUTIONED that if he accumulates three strikes under § 1915(g), he will not be allowed to proceed IFP in any civil action or appeal unless he is under imminent danger of serious physical injury. *See* § 1915(g)